UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. KRAMIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. CV 14-1467 MWF(JC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON PETITIONER NOT BEING "IN CUSTODY" |

　　On February 26, 2014, petitioner Joseph L. Kramis ("petitioner"), who is proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus (the "Petition") with an attached exhibit, challenging a 2011 conviction in Los Angeles County Superior Court Case No. NA082632 ("Underlying LASC Case"). The Petition reflects that petitioner is not currently in physical custody, and that he was sentenced in the Underlying LASC Case on September 27, 2011. (Petition ¶¶ 3, 4(c)).

　　Federal courts have subject matter jurisdiction to consider habeas petitions by individuals challenging state court criminal judgments only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a); Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994). Once a petitioner's sentence has fully expired, he is precluded

from challenging that conviction because he is no longer "in custody" for purposes of federal habeas review. Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam). However, as the Ninth Circuit recognized in Miranda v. Reno, 238 F.3d 1156, 1158-59 (9th Cir. 2001), cert. denied, 534 U.S. 1018 (2001), habeas corpus jurisdiction "has been extended beyond that which the most literal reading of the statute might require," Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 510 (1982), to individuals who, though not subject to "immediate physical imprisonment," are subject to "restraints not shared by the public generally" that "significantly confine and restrain [their] freedom." Jones v. Cunningham, 371 U.S. 236, 240, 243 (1963). Thus, federal courts have exercised habeas corpus jurisdiction over a state prisoner released on parole, id., a convict released on his own recognizance pending execution of his sentence, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973), an individual who is free on bail, Lefkowitz v. Newsome, 420 U.S. 283, 286 n.2, 291 n.8 (1975), an individual sentenced to attend an alcohol rehabilitation program for fourteen hours, Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993), an individual who, though not in physical custody, was subject to a final order of deportation, Williams v. INS, 795 F.2d 738, 744-45 (9th Cir.1986), and an individual subjected to the "extreme circumstance[]" of being removed by immigration authorities "in violation of the immigration judge's order and after interference with his right to counsel[,]" Singh v. Waters, 87 F.3d 346, 349 (9th Cir.1996).

In light of the foregoing, **within fourteen (14) days of the date of this Order**, petitioner is ORDERED to show cause, in writing, why this action should not be dismissed for lack of subject jurisdiction because petitioner was not "in custody" when he filed the Petition. **If petitioner is currently on parole or was on parole when he filed the Petition in this Court or otherwise asserts that he is "in custody" or was "in custody" when he filed the Petition, his response to**

///

**this Order to Show Cause must expressly so state and must explain the basis for such assertion under penalty of perjury.**

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of this action for lack of subject matter jurisdiction based on petitioner not being in custody and/or in the dismissal of this action based on petitioner's failure to comply with the Court's Order to Show Cause and/or failure to prosecute.**

In the event petitioner concedes that he is not "in custody," and accordingly, that dismissal is appropriate based on the lack of subject matter jurisdiction, he may expedite matters by signing and returning the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action.

IT IS SO ORDERED.

DATED:  March 11, 2014

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE